Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 4111 | **DATE** | 2/13/2001 |
| **CASE TITLE** | KATHERINE TRAHARNE vs. WAYNE SCOTT FETZER CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court affirms Magistrate Judge Rosemond's orders with respect to the denial of plaintiff's motion to bar testimony of Richard Hansen [28-1], the denial of plaintiff's motion to limit the testimony of Carl Frank [29-1], and the denial of plaintiff's motion for sanctions [27-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

TBK — courtroom deputy's initials

FEB 14 2001 date docketed

01 FEB 14 AM 8:__ Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE TRAHARNE, Administrator of the Estate of KENNETH WILLIAM TRAHARNE, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE SCOTT FETZER COMPANY,<br><br>Defendants,<br><br>v.<br><br>MULTI TECH INDUSTRIES, INC.,<br><br>Third-Party Defendants. | No. 97 C 4111<br><br>Judge Ronald A. Guzman<br><br>DOCKETED<br>FEB 14 2001 |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff Katherine Traharne's objections to Magistrate Judge Thomas Rosemond's Orders denying plaintiff's motion to bar testimony of defendants' expert Richard Hansen, plaintiff's motion to limit expert testimony of Carl Frank, and plaintiff's motion for sanctions for violation of a protective order. For the reasons set forth below, we reject plaintiff's objections and affirm Magistrate Judge Rosemond's orders.


## I.     Plaintiff's Motion To Bar Testimony of Richard Hansen

A magistrate judge's ruling on a non-dispositive matter may only be reversed on a finding that the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Pretrial motions are considered non-dispositive of litigation and are reviewed by the district court under the more lenient clearly erroneous standard. United States v. Premises Known as 281 Syosset Woodbury Road, 862 F. Supp. 847, 851 (E.D.N.Y. 1994). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

Plaintiff, as administrator of her deceased brother's estate, filed a products liability action against defendant, a manufacturer of a submersible pump, charging that the pump was negligently designed and that the negligent design caused the electrocution death of her brother. The tragic accident took place on June 13, 1995 when plaintiff's brother suffered a fatal electric shock while attempting to use a sump pump to drain rain water from a backyard swimming pool.

Plaintiff pursues two theories of liability: 1) negligent manufacture of the submersible pump; and 2) a defectively designed submersible pump. Prior to trial plaintiff sought to bar the testimony of defendant's causation expert, Mr. Richard Hansen. Plaintiff claims that Mr. Hansen was not qualified as an expert in the field for which he was offering expert testimony. More specifically, plaintiff claims that Mr. Hansen's training was in fire inspection, safety, and prevention and not causes of electrocution. Plaintiff also claims that because Mr. Hansen does not have an advanced

degree in electrical engineering, he therefore cannot render an expert opinion on electrical accidents. Plaintiff has also argued that Mr. Hansen's methods and experiments are scientifically unsound.

Federal Rule of Evidence ("Rule") 702 provides that a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify as to matters involving scientific, technical, or other specialized knowledge. Fed. R. Evid. 702. Therefore, the first prong of Rule 702 has two parts. The first part requires a witness to possess either "knowledge, skill, experience, training or education" and the second part requires that the expert "testify as to matters involving scientific, technical, or other specialized knowledge." The second prong of Rule 702 requires that the proposed expert testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." Porter v. Whitehall Labs., Inc., 9 F.3d 607, 614 (7th Cir. 1993).

This Court is unpersuaded by plaintiff's argument that Mr. Hansen was not a qualified expert. Magistrate Judge Rosemond made the following findings regarding Mr. Hansen's qualifications:

> Mr. Richard Hansen is an expert in electrical accidents and fatalities. He received his degree in electrical engineering from Purdue University in 1977. He is a licensed Professional Engineer in the States of Illinois, Indiana, Iowa, Nebraska, and Wisconsin. Hansen is a certified safety professional, a Certified Fire Fighter, a Certified Fire Investigator, a Certified Rescue Technician, and a Certified Medical Technician. Over the course of his 20-year career in electrical and fire safety, he has attended over a dozen courses and professional education programs in electrical safety, root cause failure analysis, and accident investigation.
> Additionally, for fifteen years Mr. Hansen worked as an electrical engineer for Commonwealth Edison. At various times throughout his tenure with Commonwealth Edison, he held the positions of Construction Engineer, Coal Plant Supervisor, Fire Protection Engineer, and Safety Director. In the latter two positions he was responsible for the investigation of electrical accidents. He was also Chairman of the

3

committee that wrote the electrical safety rules for all of ComEd's power generation facilities.

After retiring from ComEd in 1994, Mr. Hansen started his own professional engineering firm. Since that time he has provided consulting services to a wide variety of clients in the areas of electrical and forensic engineering, investigation of electrical fires and accidents, analysis of electrical equipment, and design assessment of electrical power-generation systems.

With all of these qualifications it is difficult to imagine how Mr. Hansen could not be considered qualified as an expert to testify regarding an electric shock accident. In determining whether a witness is a qualified expert, a court should compare the subject area where the witness has superior knowledge, skill, experience, or education with the subject matter that the witness will be called to testify about. Carroll v. Otis Elevator Co., 896 F.2d 210, 212 (7th Cir. 1990). In this case, Mr. Hansen has knowledge, skill, experience, and education in electricity, electrical engineering, and the investigation of electrical accidents. These subject areas are precisely what he is being called by the defendant to testify about.

The second part of the first prong of Rule 702 requires that the proffered expert testimony "pertain to scientific knowledge." Fed. R. Evid. 702; see Cummins v. Lyle Indus., 93 F.3d 362, 368 (7th Cir. 1996). Plaintiff claims that Mr. Hansen's experiments in reaching his conclusion were scientifically unsound.

After considering defendant's documentation regarding Mr. Hansen's experiments including photographs of testing setup, outlines of testing procedures, and test results, Magistrate Judge Rosemond found the following:

> Over fifteen tests were conducted to measure the electrical current in the water under a variety of conditions. Each variety of conditions was tested multiple times to establish consistency and reasonable scientific certainty. Three separate cameras, multiple meters, and state-of-the art instruments and software provided continuous measurements of the electrical current

4

in the water. Periodically, water samples were collected from the tanks and sent to laboratories for conductivity analysis. On its face, Mr. Hansen's testing methodology is consistent with and based on generally accepted methods and procedures. Testing in accordance with generally accepted methods and procedures is indicia of reliability of an expert's opinion.

Also, the United States Supreme Court decision in <u>Daubert</u> does not require an expert's opinion to be generally accepted in the scientific community, only that it is "more than subjective belief or unsupported speculation." <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 590 (1993). Mr. Hansen conducted over fifteen tests using "state-of-the art" instruments and methods that are consistent with and based on accepted methods and procedures. Therefore, they are clearly not subjective beliefs or unsupported speculations and satisfy Rule 702.

Mr. Hansen's proposed testimony also satisfies the second prong of Rule 702 requiring that the proferred testimony be material. Mr. Hansen is the defendant's causation witness. His testimony is being offered to suggest that plaintiff's death was not causally related to defendant's negligence. It is difficult to imagine a more relevant piece of evidence to rebut the plaintiff's theory of the case. The evidence is material under Rule 702.

For all of the reasons discussed, the Court rejects plaintiff's objection. The Court holds that Magistrate Judge Rosemond's denial of plaintiff's motion to bar the opinion testimony of Richard Hansen was not clearly erroneous.

## II. Plaintiff's Motion To Limit Testimony Of Carl Frank

The first theory of liability in plaintiff's complaint alleges that the sump pump was negligently manufactured. Plaintiff alleges that the sump pump left Defendant's

5

manufacturing facility without a strain relief clamp in violation of Defendant's own manufacturing specifications. Defendant seeks to use Mr. Carl Frank as a liability expert. Mr. Frank's opinion is that the strain relief clamp was on the power cord when the sump pump left Defendant's control, but had been removed sometime after the pump was shipped from the factory and before the pump was delivered to Mr. Frank for analysis.

The same two-prong Rule 702 analysis used in determining admissibility of Mr. Hansen's testimony applies to Mr. Frank.

With respect to the first prong, Magistrate Judge Rosemond found the following:

> Mr. Frank, a registered professional engineer in five states including Illinois, holds a Bachelor of Science and a Master of Science in Mechanical Engineering from the University of Wisconsin and has 35 years of experience as a design and manufacturing engineer. At some point in his career, Mr. Frank was also in charge of sump pump manufacturing for a subsidiary of W.W. Grainger, Inc. In evaluating the issues relating to the strain relief clamp, Mr. Frank focused on two issues: 1) the adequacy of the design of the sump pump, including the use of the strain relief clamp to secure the power cord in the watertight seal; and 2) the factors that caused or contributed to the cause of the power cord having been pulled out of the watertight seal of the sump pump.
> As part of his evaluation, Mr. Frank performed a series of tensile tests on ten new sump pump switch housing and power cord assemblies supplied to him by defendant. . . . Mr. Frank's opinion was based on test results, test observations, personal inspections, witness interviews, and a review of company sump pump manufacturing process sheets, as well as a review of company sump pump assembly processes and procedures.

With respect to the second prong of Rule 702, Magistrate Judge Rosemond found the following:

> Finally, it cannot be said, nor does the plaintiff so assert, that Mr. Frank's opinion will not in any way assist the trier of fact to understand the evidence and to determine the facts at issue. Plaintiff has put at issue the question of whether the strain relief clamp was installed on the power cord at the time the sump pump left the defendant's control. Mr. Frank's opinion goes directly to this issue and, therefore, is relevant evidence.

This Court agrees with Magistrate Judge Rosemond that both prongs of Rule 702 are satisfied. Interestingly, plaintiff does not even object to Mr. Frank's testimony either because of Mr. Frank's qualifications or on the basis that the testimony is not material. Plaintiff's objection is that Mr. Frank's conclusions were inaccurate and that the testimony was prejudicial. Accuracy of expert conclusions is an inappropriate objection to admissibility of expert testimony. The United States Supreme Court and the Seventh Circuit Court of Appeals have both stated that objections regarding admissibility must focus "solely on principles of methodology, not on the conclusions they generate." Daubert, 509 U.S. at 595; Cummins, 93 F.3d at 368.

With respect to plaintiff's charge that Mr. Frank's testimony was unfairly prejudicial, Magistrate Judge Rosemond stated that "'most relevant evidence is, by its very nature, prejudicial.'" Order of 10/23/00, at p. 14 (citing United States v. Neeley, 189 F.3d 670, 682 (7th Cir. 1999)). But "'evidence is unfairly prejudicial only if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.'" Id. (citing United States v. Vretta, 790 F.2d 651, 655 (7th Cir. 1986) (internal quotations omitted)).

In sum, the Court finds no merit in plaintiff's objections to Magistrate Judge Rosemond's denial of the motion to limit the testimony of Mr. Frank. This Court holds that Magistrate Judge Rosemond's denial of the motion was not clearly erroneous or contrary to law.

7

### III. Plaintiff's Motion for Sanctions Charging That Defendant Violated the Protective Order Entered September 9, 1997

Unlike magistrate judge's decisions on pretrial motions to bar testimony, decisions regarding sanctions are reviewed *de novo*. See Alpern v. Lieb, 38 F.3d 933, 935 (7th Cir. 1994). The Seventh Circuit has stated that the power to award sanctions is like the power to award damages and thus belongs in the hands of the district judge. Id. "A district judge may refer a dispute about sanctions to a magistrate judge for a recommendation under § 636(b)(1)(B) or § 636(b)(3), but the magistrate may not make the decision with independent force." Id.

However, a prerequisite to the District Court's *de novo* review is an objection to the Magistrate Judge's findings. 28 U.S.C. § 636 (b)(1)(C). In the current case, plaintiff did not file an objection to Magistrate Judge Rosemond's findings. In a brief responding to the denial of the motion for sanctions, plaintiff stated that she "recognizes that the Magistrate Judge determined that the conduct of which plaintiff complained and the evidence presented relating to those claims of misconduct did not warrant the imposition of sanctions, and plaintiff does not ask this Court to revisit that finding." (Pl.'s Br. of 10/13/00, at 4.) Instead, plaintiff complained only of the following language contained within Judge Rosemond's Order:

> We are astonished by the utter lack of support for the charges, and that they are made at all. Under normal circumstances, we would assess fees against plaintiff's counsel, sua sponte, for bringing such a baseless motion. However, we shall follow defense counsel's more genteel example. Nowhere in their written submissions do defense counsel request fees in response to plaintiff's counsel's frivolous motion. We can only conclude that they refrain from doing so in light of the underlying tragedy upon which the suit rests. However, we warn plaintiff's counsel that if they should file such a baseless motion in the future, attorneys' fees

8

will be awarded against them as a sanction. Among other things, their motion has been a complete waste of judicial time.

Because plaintiff does not raise any objections to the substantive merits of Magistrate Judge Rosemond's order denying the motion for sanctions for an alleged violation of the 9/8/97 protective order, this Court will not prolong this controversy any longer and will simply affirm Magistrate Judge Rosemond's denial of sanctions.

In defendant's response to plaintiff's brief, defendant "requests that some type of sanction be imposed on plaintiff's counsel." (Def.'s Resp. Br. of 11/1/00, at 2.) Because defendant fails to provide a properly supported legal argument and appropriate documentation with regard to its request for Federal Rule of Civil Procedure 11 sanctions, the Court declines to impose such sanctions on its own initiative pursuant to Federal Rule of Civil Procedure 11(c)(1)(B).

## CONCLUSION

For the foregoing reasons, the Court affirms Magistrate Judge Rosemond's orders with respect to the denial of plaintiff's motion to bar testimony of Richard Hansen [28-1], the denial of plaintiff's motion to limit the testimony of Carl Frank [29-1], and the denial of plaintiff's motion for sanctions [27-1].

**SO ORDERED**
ENTERED: 2/13/01

HON. RONALD A. GUZMAN

9